UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case Number 13-20051
Honorable David M. Lawson

MATTHEW THOMAS CREELY,

Defendant.
_______________________________________/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE SORNA REGISTRATION OBLIGATION**

Defendant Matthew Creely pleaded guilty in September 2013 to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). As a result of his conviction and sentence, he was required under the Sex Offender Registration and Notification Act (SORNA) to register as a tier I sex offender and maintain that registration in all jurisdictions where he lives, works, and studies for 15 years after completing his prison sentence. That registration period may be reduced, however, if the defendant fulfills certain statutory conditions. Creely has moved to terminate his federal registration obligation, arguing that he has complied with the conditions, and the lapse of time combined with the statutory reduction has taken him outside the registration period. The government's response to the motion acknowledges that Creely has fulfilled the statutory conditions and that a reduction is appropriate, although the parties agree that the Court lacks authority to affect any obligation that the defendant may have to register with the State of Michigan. The motion is fully briefed and oral argument will not aid in its disposition. Therefore, the Court will decide the matter on the briefs. E.D. Mich. LR 7.1(f)(2). Because the defendant has satisfied the conditions for a reduction in the SORNA registration period under 34 U.S.C. §

20915(b), his motion will be granted and his registration obligation under SORNA will be terminated.

I.

In September 2013, Creely pleaded guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He was sentenced to 24 months in custody to be followed by five years of supervised release. Creely asserts that he was released from prison on August 7, 2015, and his supervision was terminated on August 6, 2020. He further states, and the government does not dispute, that he did not violate the terms of his supervised release, he has not been convicted of any crimes (sexual or otherwise) since his release from prison, and he has completed a sex offender treatment program.

Creely has moved to terminate his duty to register as a sex offender under 34 U.S.C. § 20915(b), which permits a five-year reduction of an offender's registration period if the defendant meets certain requirements.

II.

SORNA requires a "sex offender" to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." *Willman v. Att'y Gen. of United States*, 972 F.3d 819, 823 (6th Cir. 2020) (quoting 34 U.S.C. § 20913(a)). A "sex offender" is a person convicted of a "sex offense," including certain offenses under title 18, chapter 110 of the United States Code, such as possession of child pornography. 34 U.S.C. § 20911(1), (5)(A)(iii).

"SORNA classifies sex offenders into three tiers with each category corresponding to specific, enumerated crimes or to offenses incorporated from other federal sexual abuse laws." *United States v. Morales*, 801 F.3d 1, 3 (1st Cir. 2015). Persons are classified as tier II or tier III

offenders if they are convicted of certain kinds of crimes, commit other crimes with certain aggravating factors, or if they commit an additional crime after becoming a lower-tier sex offender. *United States v. Buddi*, 168 F.4th 439, 443-44 (6th Cir. 2026) (citing 34 U.S.C. § 20911(3)-(4)). "[O]ffenders who do not qualify as Tier II or III default to Tier I." *Id.* at 443 (citing 34 U.S.C. § 20911(2)). Absent a prior sex-offender conviction or other aggravating factors, a person convicted of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) is a tier I offender. *See United States v. Brown*, No. 2:17-cr-131, 2024 WL 127991, at *1 (D. Utah Jan. 11, 2024).

"A sex offender shall keep the registration current for the full registration period (excluding any time the sex offender is in custody or civilly committed) unless the offender is allowed a reduction under subsection (b)." 34 U.S.C. § 20915(a). "The registration period begins to run . . . [w]hen a sex offender is released from imprisonment following conviction for the offense giving rise to the registration requirement . . . ." 28 C.F.R. § 72.5(b)(1). The "full registration period" for a tier I sex offender is 15 years. 34 U.S.C. § 20915(a)(1). A tier I sex offender's "full registration period" may be reduced by five years if the offender maintains a "clean record" for 10 years. *Id.* § 20915(b)(1), (2)(A). A person maintains a "clean record" by:

> (A) not being convicted of any offense for which imprisonment for more than 1 year may be imposed;
>
> (B) not being convicted of any sex offense;
>
> (C) successfully completing any periods of supervised release, probation, and parole; and
>
> (D) successfully completing of [sic] an appropriate sex offender treatment program certified by a jurisdiction or by the Attorney General.

*Id.* § 20915(b)(1).

Creely is a tier I sex offender. He argues that he has a "clean record" under 34 U.S.C. § 20915(b) because he has not been convicted of any crimes since he was released from prison in

2015, he successfully completed his supervised release, and he completed a sex-offender treatment program through the Eastwood Clinic with therapist Harry Smith. He also obtained a psychosexual evaluation from Matthew Rosenberg, a mental health professional, to demonstrate that he poses no danger to the public and has a low risk of re-offending. He acknowledges that an order granting the motion will only terminate his federal sex-offender registration obligations, and he states that he will continue to comply with Michigan sex-offender registration requirements while he seeks to terminate those requirements through separate state-court proceedings.

The government does not dispute any of the legal or factual representations in the motion; however, it says — curiously — that it cannot concur because "[t]he statute grants . . . no opportunity for the government to concur or object" if the defendant meets the statutory requirements. ECF No. 43, PageID.188

The government says that it has consulted with the probation department and learned that Creely has a "clean record" under 34 U.S.C. § 20915(b). The probation department has confirmed that Creely has not been arrested or convicted of any crime within the past ten years and he has successfully completed sex offender treatment. The government also states that a letter from the probation department dated March 10, 2023, provided to the government by defense counsel, confirms that Creely has completed supervised release. All that being true, the government acknowledges that "the Court must conclude that Creely has a clean record" and that "the Court must reduce his registration obligation, under federal law, by five years." ECF No. 43, PageID.190 (citing 34 U.S.C. § 20915(b)(3)(A)).

The government does not dispute that the defendant is a tier I sex offender or that he maintained a "clean record" as defined by 34 U.S.C. § 20915(b)(1) for ten years. The Court accepts those facts, and therefore Creely is entitled to a five-year reduction in his sex-offender

registration period. *See* 34 U.S.C. § 20915(b)(3)(A). The default registration period for tier I offenders is 15 years, *id.* § 20915(a)(1), so his post-reduction registration period is 10 years. This 10-year period began when he was released from prison in September 2015. *See* 28 C.F.R. § 72.5(b)(1). Therefore, the registration period as reduced ended in 2025. Creely no longer has an obligation to register as a sex offender under SORNA.

As both parties acknowledge, however, an order terminating the defendant's federal duty to register does not relieve him of any registration obligations under state law. *See United States v. Dubin*, No. 12-20828, 2023 WL 3261578, at *2 (E.D. Mich. May 4, 2023) ("The Court will note that its order only terminates Defendant's *federal* duty to register. Michigan law may still require Defendant to register, and the Court's order does not disturb Defendant's independent State duty, if any, to register.").

III.

Defendant Matthew Creely qualifies for a reduction of the time during which he must register as a sex offender under SORNA from 15 to 10 years. The 10-year period has elapsed, so he no longer has an obligation to register as a sex offender under federal law.

Accordingly, it is **ORDERED** that the defendant's motion to terminate his duty to register as a sex offender (ECF No. 40) is **GRANTED**. The defendant no longer has an obligation to register as a sex offender under SORNA.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: September 1, 2026